■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MASUCCI, Appellant. [697 NYS2d 755] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 13, 1998, convicting defendant upon his plea of guilty of five counts of the crime of possessing an obscene sexual performance by a child.

During a search of defendant's home following his arrest on an unrelated crime, the police discovered five magazines containing child pornography. Defendant was ultimately acquitted of the charge on which he was initially arrested and he thereafter entered a plea of guilty of five counts of possessing an obscene performance by a child. He was sentenced to concurrent terms of $1^{1}/_{3}$ to 4 years in prison, and a fine of $10,000 was also imposed.

On appeal, defendant's attorney contends that the sentence is harsh and excessive and should be reduced. Defendant pro se contends that the conviction should be reversed. We find no

merit to defendant's *pro se* arguments, but we agree that the sentence should be reduced.

County Court found that defendant had accepted responsibility for possessing the pornographic material and after noting that the possession of the material is deserving of serious punishment to deter defendant and others from similar crimes, the court explained its sentencing rationale as follows: "The Court takes note of the favorable [presentence] report as well as numerous letters written on behalf of defendant. The Court takes further note of the circumstances in which the contraband was seized and notes that the contraband was, indeed, 20 some years old. But that, in my opinion, only goes to whether or not the sentences should be concurrent or consecutive and not to the fact that the defendant is deserving of a significant sentence. The very possession of this contraband, as the Legislature has decided, is so offensive, so heinous as to require this Court, in my opinion, to sentence [defendant to a prison term of 1⅓ to 4 years on each count]."

The crimes at issue are class E felonies (*see*, Penal Law § 263.11) and there were a number of authorized dispositions (*see*, Penal Law § 60.01), including an indeterminate sentence, with a maximum not exceeding four years and a minimum not exceeding one third of the maximum (*see*, Penal Law § 70.00 [2] [e]; [3] [b]), or an alternative definite sentence (*see*, Penal Law § 70.00 [4]). In this case, County Court seemingly viewed the statutory scheme as requiring the imposition of a sentence of 1⅓ to 4 years, while the Penal Law clearly establishes 1⅓ to 4 years as the harshest possible sentence if the court decides to impose an indeterminate sentence. County Court compounded the error by limiting its consideration of relevant sentencing factors to the question of whether to impose consecutive or concurrent sentences. Those factors should have been considered not only on the issue of the appropriate indeterminate term for each count, but also on the question of whether this was an appropriate case for an alternative definite sentence pursuant to Penal Law § 70.00 (4). By imposing the harshest possible indeterminate term for each count as though that were the sentence required by law, County Court failed to exercise the sentencing discretion granted by Penal Law § 70.00.

In these circumstances, and considering defendant's age, disability, lack of a recent criminal record and acceptance of responsibility for his crimes, together with the circumstances surrounding his possession of the material and the recommendation of the presentence report, we exercise our discretion to

reduce the concurrent sentences to time served on each count (*see, People v Smith*, 222 AD2d 738). We are also of the view that the fine should be reduced to $2,000.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to time served and reducing the total fine to $2,000, and, as so modified, affirmed.